USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLLS-ROYCE CORPORATION, and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, as Subrogee of ROLLS-ROYCE CORPORATION,<br><br>      Plaintiff,<br><br>    -against-<br><br>GHAFARI ASSOCIATES, LLC,<br><br>      Defendant. | ORDER<br><br>1:22-cv-10681-MKV |
| GHAFARI ASSOCIATES, LLC,<br><br>      Plaintiff,<br><br>    -against-<br><br>ALBERS MANAGEMENT AND DESIGN SERVICES, LLC, BMWC CONSTRUCTORS, FREITAG-WEINHARDT, INC., JOHNSON CONTROLS BUILDING AUTOMATION SYSTEMS, LLC, JOHNSON CONTROLS FIRE PROTECTION, LP, JOHNSON CONTROLS NORTH AMERICA PRODUCTS, LLC, JOHNSON CONTROLS SECURITY SOLUTIONS, LLC, JOHNSON CONTROLS, INC., MILLER-EADS CO., AND PEPPER CONSTRUCTION CO. OF INDIANA, LLC,<br><br>      Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

  On December 19, 2022, Plaintiff Rolls-Royce Corporation and American Guarantee & Liability Insurance Company as subrogee of Rolls-Royce Corporation, (collectively, "Plaintiff"), commenced this action against Defendant Ghafari Associates, LLC ("Ghafari"). [ECF No. 1]. On February 24, 2023, Defendant Ghafari filed its Answer to the Complaint, asserting a counterclaim against Plaintiff. [ECF No. 15]. Subsequently, the Court granted Defendant Ghafari leave to file

1

a Third-Party Complaint. [ECF No. 21]. On July 11, 2023, Defendant Ghafari filed its Third-Party Complaint naming various Third-Party Defendants. [ECF No. 22]. To date, only two of the Third-Party Defendants have appeared in this action, Albers Management and Design Services, LLC ("Albers"), and Freitag-Weinhardt, Inc., ("Freitag").

On September 21, 2023, all appearing parties filed a letter and corresponding Proposed Consent Order requesting the transfer of this matter to the Southern District of Indiana pursuant to 28 U.S.C. § 1404. Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Courts consider a variety of factors in determining whether transfer under Section 1404(a) is appropriate. The factors include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

As noted above, all appearing parties to this action agree that transfer of this action to the Southern District of Indiana is appropriate. The Court is likewise convinced that transfer is appropriate. Several other factors weigh in favor of transfer. The Rolls-Royce Plant that is the subject of this lawsuit is located in Indianapolis. The incident giving rise to this case occurred in Indianapolis. Moreover, the convenience of the parties and witnesses weighs heavily in favor of

transferring the action. Defendant conducts business in Indiana and many, if not all, Third-Party Defendants conduct business in Indiana. The parties also assert that many witnesses and evidence are located in Indiana.

In the light of the totality of the circumstances, IT IS HEREBY ORDERED that this case shall be transferred to the Southern District of Indiana.

**SO ORDERED.**

Date: October 10, 2023
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**